Filed 10/18/13  P. v Beltran CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E055972 |
| v. | (Super.Ct.No. BLF1100112) |
| EDGAR NUNEZ BELTRAN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  James S. Hawkins, Judge. Affirmed.

Gregory Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Charles C. Ragland, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found Edgar Nunez Beltran, defendant and appellant (defendant), guilty of involuntary manslaughter (Pen. Code, § 192, subd. (b)),[1] as a lesser included offense of the charged crime of murder, and further found true the special allegation defendant used a firearm in committing the crime (12022.5, subd. (a)).  In this appeal from the judgment entered after the trial court sentenced him to serve a total of 14 years in state prison, defendant contends, first, the evidence does not support the jury's guilty verdict; next, the trial court erred by failing to instruct the jury on the defense of necessity; and, finally, that the trial court incorrectly instructed the jury on the legal principles pertinent to the defense based on defending others from imminent injury.  We conclude, as we explain below, defendant's claims are meritless.  Therefore, we will affirm the judgment.

**FACTS**

The facts are not disputed.  Defendant was at a bar in Blythe when his girlfriend (Kiralina Pena) was assaulted by her former roommate (Erica Urias), and the two got into a fight.  The former roommate's boyfriend (Pookie) was bent over, apparently trying to break up the fight (although initially he prevented anyone else from doing so), when defendant whacked him on the back with a loaded gun,[2] the gun fired, and the bullet hit

---

[1] All statutory references are to the Penal Code unless indicated otherwise.

[2] According to witnesses, defendant said, "Bro, hand me the burner" to someone standing near him, possibly one of his brothers.  Defendant then extended his hand back behind him to get the gun.  Then he swung his arm up and over his head so that the hand with the gun came down on Pookie's back.  Witnesses described defendant holding the gun as if he intended to "pistol whip," Pookie, i.e., defendant held the gun as though he were going to fire the weapon, with his finger on the trigger.

and killed Yanika Daniels, who was trying to break up the fight because Daniels was celebrating her birthday and did not want any fighting during her party. Additional facts will be recounted below as pertinent to our resolution of the issues defendant raises in this appeal.

## DISCUSSION

Despite his sufficiency of the evidence claim, defendant's contentions on appeal actually turn on the trial court's instructions to the jury. Therefore, we address those claims first, even though defendant's challenge to the sufficiency of the evidence would be dispositive, if correct.

## 1.

## JURY INSTRUCTIONS

### A. Defense of Others

Defendant contends the trial court incorrectly instructed the jury according to CALCRIM No. 505, which applies when a person uses lethal force to defend another

person.[3] Defendant asserts the evidence shows he did not intentionally use lethal force to defend Kiralina; he used the gun as a bludgeon, and it fired accidentally. Therefore, defendant claims the trial court either should have made appropriate changes to CALCRIM No. 505, or should have given the generic version of the defense of another instruction set out in CALCRIM No. 3470.

Defendant's argument has initial appeal. The evidence does suggest defendant did not fire the gun before he used it to hit Pookie, and therefore the trial court should have instructed the jury according to CALCRIM No. 3470, which would have instructed the jury, among other things, that defendant acted in lawful defense of Kiralina if he reasonably believed (1) Kiralina was in imminent danger of suffering bodily injury;

_____

[3] The trial court instructed the jury according to CALCRIM No. 505, "The defendant is not guilty of murder or manslaughter if he was justified in killing someone in defense of another. The defendant acted in lawful defense of another if, [¶] Number one, he reasonably believed that Kiralina Pena was in imminent danger of being killed or suffering great bodily injury; and [¶] He reasonably believed that the immediate use of deadly force was necessary to defend against that danger; and [¶] The defendant used no more force than was reasonably necessary to defend against that danger. [¶] Belief in future harm is not sufficient no matter how great or how likely the harm is believed to be. [¶] The defendant must have believed that there was imminent danger of a great bodily injury to someone else. [¶] Defendant's belief must have been reasonable and he must have acted only because of that belief. The defendant is only entitled to use that amount of force that a reasonable person would believe is necessary in the same situation. [¶] If the defendant used more force than was reasonable, the killing is not justified. In deciding whether the defendant's beliefs were reasonable, consider all the circumstances as they were known to and appeared to the defendant and consider what a reasonable person in a similar situation with similar knowledge would have believed. [¶] If the defendant's beliefs were reasonable, the danger does not need to have actually existed. [¶] Great bodily injury [means some significant or substantial physical injury. It's an injury that is greater than minor or moderate harm]. [¶] The People have the burden of proving . . . beyond a reasonable doubt that the killing was not justified. If the People have not met this burden, you must find the defendant not guilty of murder or manslaughter."

4

(2) the immediate use of force was necessary to defend against that danger; and (3) he did not use more force than was reasonably necessary to defend Kiralina from the danger of suffering bodily injury. (See CALCRIM No. 3470 (2013), p. 959.)

The problem with his argument is that defendant did not ask the trial court to modify CALCRIM No. 505, or request the trial court give the generic defense of others instruction. It is well settled that "'defendant is not entitled to remain mute at trial and scream foul on appeal for the court's failure to expand, modify, and refine standardized jury instructions.'" (*People v. Valentine* (2001) 93 Cal.App.4th 1241, 1246-1247.) By failing to request modification of CALCRIM No. 505, or asking the trial court to give CALCRIM No. 3470, defendant has forfeited his right to assert the jury instruction challenge on appeal. (*People v. Dennis* (1998) 17 Cal.4th 468, 514.)

Moreover, the evidence supports a reasonable inference defendant intended to fire the gun after he first used it to hit Pookie. Although that became irrelevant once the gun discharged and killed Yanika Daniels, the evidence nevertheless supports giving CALCRIM No. 505 in this case. Therefore, we must reject this claim of error.

### B. Necessity Defense

Defendant also contends the evidence supports the defense of necessity, and therefore the trial court erred by refusing his request to give a necessity instruction. Again, we disagree.

"To justify an instruction on the defense of necessity, a defendant must present evidence sufficient to establish that []he violated the law (1) to prevent a significant and imminent evil, (2) with no reasonable legal alternative, (3) without creating a greater

5

danger than the one avoided, (4) with a good faith belief that the criminal act was necessary to prevent the greater harm, (5) with such belief being objectively reasonable, and (6) under circumstances in which []he did not substantially contribute to the emergency." (*People v. Kearns* (1997) 55 Cal.App.4th 1128, 1135.)

Defendant did not present evidence to establish any of the requisite elements of a necessity defense. Most glaring in our view is defendant's failure to show evidence of the lack of a reasonable legal alternative. Various reasonable legal alternatives occur to us, beginning with defendant enlisting the aid of his brothers and other family members, who apparently were with defendant at the bar, to physically pull the women apart and break up the fight. Or, if all else failed, defendant could have called the police. Because defendant did not present such evidence at trial, the trial court correctly found the evidence did not support giving a necessity instruction.

**2.**

**SUFFICIENCY OF THE EVIDENCE**

Defendant contends the evidence is insufficient to support the jury's verdict finding him guilty of involuntary manslaughter because the evidence did not show he committed an unlawful act or that he did not act in defense of Kiralina. We disagree.

**A. Standard of Review**

"In addressing a challenge to the sufficiency of the evidence supporting a conviction, the reviewing court must examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence— evidence that is reasonable, credible and of solid value—such that a reasonable trier of

6

fact could find the defendant guilty beyond a reasonable doubt. [Citation.] The appellate court presumes in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citations.]" (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.)

## B. Analysis

Involuntary manslaughter is the unlawful killing of a human being without malice "in the commission of an unlawful act, not amounting to [a] felony; or in the commission of a lawful act which might produce death, in an unlawful manner, or without due caution [and] circumspection." (§ 192, subd. (b).) The prosecutor in this case elected to proceed only on the theory that defendant committed a lawful act in an unlawful manner or without due caution or circumspection. Accordingly, the trial court instructed the jury that in order to find defendant guilty of involuntary manslaughter, the People had to prove (1) defendant committed a lawful act but in an unlawful manner; (2) defendant committed an act with criminal negligence; and (3) his act unlawfully caused the death of another person. The People alleged defendant committed the lawful act of defense of another person with criminal negligence. The trial court also instructed the jury that a person acts with criminal negligence when he acts in a reckless way that creates a high risk of death or great bodily injury, and that a reasonable person would have known acting in that way would create such a risk.

According to the evidence presented at trial, defendant used a loaded firearm to hit Pookie on the back in order to break up the fight between Kiralina and Erica and defend Kiralina from physical harm. As previously described, defendant held the gun as if he were going to shoot it, with his finger on the trigger, the barrel pointed toward Pookie. The jury could reasonably find from that evidence that defendant acted in a reckless manner that created a high risk of harm or great bodily injury and that a reasonable person would have known that using a loaded firearm in that way created such a risk.

Defendant also contends the evidence is insufficient to prove he did not act in the lawful defense of another. As with self-defense, in a homicide case the prosecution bears the burden of proof on this issue, as the trial court instructed the jury. Defendant's argument depends in large part on his previously discussed claim that the trial court incorrectly instructed the jury according to CALCRIM No. 505, which applies when the defendant commits a homicide in the course of defending another person. We do not share defendant's view the trial court's instruction was incorrect, as previously discussed.

However, even if we apply principles that govern defense of others in circumstances that do not result in a homicide, as defendant urges, his claim lacks merit. As discussed above, in order to prove defendant did not act in defense of Kiralina, the prosecution had to present evidence to show, among other things, defendant used more force than was reasonably necessary to defend Kiralina against the imminent danger of suffering bodily injury. According to the evidence presented at trial, Kiralina was in a fistfight with another woman. The jury could reasonably find that defendant's use of a loaded firearm to bludgeon Pookie, a noncombatant, exceeded the force warranted by the

8

situation. In arguing otherwise, defendant claims Kiralina was "being beaten up by two women, and [Pookie,] a man considerably larger than [defendant,] was preventing people from intervening [to break up] the fight, at a minimum, and apparently also engaged in beating up the helpless woman." In defendant's view, "[i]t strains credulity to suggest that hitting that man with the handiest solid object was an excessive use of force under the circumstances." In other words, defendant contends the evidence establishes, as a matter of law, that he used reasonable force and acted to defend Kiralina from injury. We simply do not agree.

The initial defect is that defendant's argument depends on his view of the evidence. The jury, however, could have found Pookie was breaking up the fight, and pulling the women off each other, as witnesses testified at trial. Moreover, the evidence was that only Erica was hitting Kiralina, although the altercation began after a friend of Erica's apparently threw a beer on Kiralina when she walked away after declining to fight. As previously discussed, the jury could reasonably find defendant intended to use the firearm to shoot someone after he first used the weapon to hit Pookie. The jury also could find defendant's use of a loaded firearm to protect Kiralina from the hands, feet, and possibly even teeth, of Erica was excessive and therefore the prosecution met its burden to prove defendant did not act in the lawful defense of another person.

For each of these reasons, we must reject defendant's challenge to the sufficiency of the evidence to support his conviction for involuntary manslaughter.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

RICHLI
J.

CODRINGTON
J.

10